UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JOHN PERRY #599381, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:23-cv-01081 |
| | ) Judge Trauger |
| CORECIVIC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

John Perry, an inmate at Trousdale Turner Correctional Center, filed a pro se civil rights complaint under 42 U.S.C. § 1983, an application to proceed as a pauper (Doc. No. 2), and a motion to compel the production of security video footage. (Doc. No. 3.) This case is before the court for initial review. And as explained below, this case may proceed for further development against Officer DeVille. The plaintiff should consult the accompanying order for instructions.

### I. Application to Proceed as a Pauper

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because the plaintiff cannot pay the full filing fee in advance (*see* Doc. No. 2 at 4), his application will be granted, and the $350.00 filing fee will be assessed against him. 28 U.S.C. § 1915(b).

### II. Initial Review

The court must liberally construe the complaint and dismiss any part of it that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

#### A. Allegations

This case concerns an alleged incident of excessive force by an officer at Trousdale Turner Correctional Center (TTCC). As defendants, the plaintiff names: (1) CoreCivic, the private entity

contracted to manage TTCC[1]; (2) TTCC Warden Van Tiel; (3) TTCC Officer DeVille; and (4) Commissioner Strada of the Tennessee Department of Correction (TDOC). (Doc. No. 1 at 1–2.) Liberally construing the complaint, the plaintiff alleges as follows.

On April 27, 2023, Officer DeVille came to the plaintiff's housing unit during pill call. The plaintiff dropped a piece of paper, and when he bent over to pick it up, DeVille jumped on the plaintiff's back, pushed him, and stomped on his hands. The plaintiff managed to stand and walk toward his cell, and when the plaintiff was in the doorway, DeVille slammed the door into the plaintiff's body multiple times, injuring the plaintiff's left hand, left shoulder, back, and neck. The plaintiff screamed multiple times before DeVille "finally allowed [his] body free to finish going in [his] cell." After the plaintiff was in his cell with the door closed, DeVille called for backup. Several supervisory officers reviewed the security video footage and found that the plaintiff did nothing wrong. The plaintiff was then taken to medical, where he sat in a cold waiting room for three to four hours without receiving treatment. (Doc. No. 1-1 at 3; Doc. No. 1-2 at 2.)

**B.      Legal Standard**

On initial review, the court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

---

[1] The court takes judicial notice of this fact. *See* https://www.tn.gov/correction/state-prisons/state-prison-list/trousdale-turner-correctional-center.html (last visited Oct. 20, 2023).

C.  **Analysis**

A Section 1983 claim has two elements. "First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

1.  **Claim Going Forward Against Officer DeVille**

Accepting the allegations as true, the plaintiff has plausibly alleged a claim against Officer DeVille for using excessive force in violation of the Eighth Amendment on April 27, 2023. *See Williams*, 631 F.3d at 383 (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) ("Although prison discipline may require that inmates endure relatively greater physical contact, the Eighth Amendment is nonetheless violated if the 'offending conduct reflects an unnecessary and wanton infliction of pain.'")).

2.  **Dismissal of Other Defendants**

For the other defendants, however, the plaintiff fails to state a claim. As to TTCC Warden Van Tiel and TDOC Commissioner Strada, the plaintiff does not allege a sufficient level of personal involvement because, after listing them as defendants on the complaint form, the plaintiff does not mention them at all in the body of the complaint. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.)). And these defendants are not subject to liability based solely on their supervisory positions because Section 1983 liability "must be based on more than the right to control employees. . . . There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly

3

participated in it." *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 579 (6th Cir. 2020) (quoting *Doe v. Claiborne Cnty.*, 103 F.3d 495, 511 (6th Cir. 1996)). Here, because the plaintiff does not make any specific allegations against Van Tiel and Strada, he also fails to allege that they directly participated in Officer DeVille's alleged misconduct.

Next, to state a claim against CoreCivic, the plaintiff must allege that a CoreCivic "policy or custom" was "the moving force behind" Officer DeVille's alleged use of force. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citation omitted). To that end, the plaintiff alleges that CoreCivic should be held liable "due to lack of training and or to the lack of upgrading their training manual . . . once discovery reveals that specific corporate policy or custom caused the harm complained of by this plaintiff." (Doc. No. 1-1 at 6.)

"[A] policy of inadequate training" is "[o]ne way to prove an unlawful policy or custom." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (*see City of Canton v. Harris*, 489 U.S. 378, 387 (1989)). But inadequate training of correctional officers "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom [the officers] came into contact." *See Ouza v. City of Dearborn Heights, Mich.*, 969 F.3d 265, 287 (6th Cir. 2020) (quoting *City of Canton*, 489 U.S. at 388). "There are 'at least two situations in which inadequate training could be found to be the result of deliberate indifference.'" *Id.* at 287 (quoting *Cherrington v. Skeeter*, 344 F.3d 631, 646 (6th Cir. 2003)). "First, and most commonly, a plaintiff can demonstrate deliberate indifference by showing that the [officers' employer] has failed to act 'in response to repeated complaints of constitutional violations by its officers.'" *Id.* (quoting *Cherrington*, 344 F.3d at 646). Second, "[i]n a 'narrow range of circumstances,'" *id.* (quoting *Bd. of Cnty. Commrs. of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)), "a plaintiff can show deliberate indifference based on 'single-incident liability'

if the risk of the constitutional violation is so obvious or foreseeable that it amounts to deliberate indifference for the [officers' employer] to fail to prepare officers for it." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 63 (2011)).

The complaint, as alleged, does not support a claim based on this first type of deliberate indifference because the plaintiff does not allege any prior instances of CoreCivic officers engaging in the same type of alleged constitutional violation as Officer DeVille. *See Berry v. Delaware Cnty. Sheriff's Off.*, 796 F. App'x 857, 863 (6th Cir. 2019) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 388 (6th Cir. 2014) ("[P]rior examples of wrongdoing must violate the same constitutional rights and violate them in the same way.")). And the plaintiff cannot pursue a "single-incident" theory of liability at this time because his allegation of inadequate training is simply too barebones and speculative. *See Spoors v. HCH*, No. 1:22-cv-1149, 2023 WL 2494393, at *6 (W.D. Mich. Mar. 14, 2023) (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985) (explaining that it is improper to draw "an inference of inadequate training" based on nothing more than the occurrence of a single alleged incident)). But if the plaintiff is able to allege some factual support for his claim that a policy of inadequate training caused Officer DeVille's alleged use of force, or if the plaintiff proves correct in his speculation that evidence produced in discovery will support this claim, then the plaintiff may file an amended complaint re-asserting this claim against CoreCivic, and the court will consider it in due course. For present purposes, however, the plaintiff has not made allegations from which the court can reasonably infer that a CoreCivic policy or custom caused DeVille's alleged use of force.

Finally, the court notes the plaintiff's allegation that he should be allowed to proceed with claims against unknown and unnamed defendants for failing to protect him from Officer DeVille's alleged use of force and then retaliating against him afterwards. (*See* Doc. No. 1-1 at 5–8.) The

plaintiff does not support these undeveloped claims with any factual context, such as whether any other TTCC officers were actually present during the alleged incident, how any other officers would have known that the alleged use of force would occur, how long the alleged incident lasted, or the particular ways in which officers retaliated against him after the alleged incident. So the plaintiff's failure-to-protect and retaliation claims, such as they are, are conclusory assertions of legal liability that fail to state a claim. *See Gilmore*, 92 F. App'x at 190 (citations omitted) ("[E]ven pro se complaints must satisfy basic pleading requirements. A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory.").

### III. Motion to Compel Production of Security Video

The plaintiff asks the court to compel the production of security video footage capturing Officer DeVille's alleged use of force on April 27, 2023. (Doc. No. 3.) At this stage in the case, however, it is not the court's role to issue orders regarding the production of evidence. Rather, one party to a civil case generally serves a discovery request upon an opposing party, and there is no need to file a motion with the court before serving the request. *See* Fed. R. Civ. P. 34(a). This motion, accordingly, will be denied without prejudice.

### IV. Conclusion

For these reasons, the plaintiff will be granted pauper status and he may proceed with a claim against Officer DeVille for using excessive force in violation of the Eighth Amendment on April 27, 2023. All other claims and defendants will be dismissed, and the plaintiff's motion to compel will be denied without prejudice.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge