IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN PERRY ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01081 |
| ) | |
| KOURTNEY DE VIL ) | |

**TO:** Honorable Aleta A. Trauger, United States District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered October 23, 2023 (Docket Entry No. 6), this *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment filed by Defendant Kourtney De Vil (Docket Entry No. 24), to which Plaintiff has responded in opposition. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and this case be **DISMISSED**.

## I. BACKGROUND AND COMPLAINT

John C. Perry, Sr. ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") who is currently confined at the Trousdale Turner Correctional Center ("Trousdale") in Hartsville, Tennessee. He filed this lawsuit on October 17, 2023, seeking monetary relief under 42 U.S.C. § 1983 for claims that his federal constitutional rights were violated at Trousdale. *See* Complaint (Docket Entry No. 1).

Plaintiff alleges that, on April 27, 2023, Officer Kourtney De Vil ("De Vil" or "Defendant") came to his housing unit during pill call and attacked him for no reason. He alleges that De Vil jumped on his back, pushed him, and stomped on his hands. He alleges that after he managed to stand and walk toward his cell, De Vil slammed the cell door into his body multiple times, injuring his left hand, left shoulder, back, and neck. Plaintiff asserts that he screamed multiple times before De Vil stopped her actions and allowed Plaintiff to go into his cell. Plaintiff alleges that De Vil called for backup after Plaintiff was in his cell with the door closed and that although he was taken to medical, he sat in a waiting room for several hours without receiving treatment. Plaintiff alleges that several supervisory officers – Capt. Mitchell, Chief Porter, and Sgt. Smith – reviewed the security video footage and found that he had done nothing wrong and that De Vil "was in the wrong." *See* Attachment to Complaint (Docket Entry No. 1-1) at 3.

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff stated an arguable claim that De Vil violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. *See* Memorandum (Docket Entry No. 5) at 3. All other claims raised by Plaintiff were dismissed. *Id*. at 3-6.[1]

After Defendant filed an answer, a scheduling order was entered that provided for a period of pretrial activity in the case. *See* Docket Entry No. 17. A jury trial is demanded by both parties, but a trial has not been scheduled pending resolution of the motion for summary judgment.

---

[1] The dismissed claims included claims against CoreCivic, the private entity that operates Trousdale, against the Trousdale Warden and the TDOC Commissioner, and against unknown and unnamed defendants.

## II. MOTION FOR SUMMARY JUDGMENT

On April 5, 2024, Defendant filed the pending motion for summary judgment. The motion is supported by a memorandum of law (Docket Entry No. 25), a statement of undisputed material facts (Docket Entry No. 26), Defendant's own declaration (Docket Entry No. 28), and the declarations, and exhibits attached thereto, of several other prison staff members at Trousdale – Grievance Coordinator Cynthia Christian (Docket Entry No. 27), Chief of Unit Management Jermaris Porter (Docket Entry No. 29), Sergeant Chasity Smith (Docket Entry No. 30), and Warden Vincent Vantell (Docket Entry No. 34).

While Defendant acknowledges that an incident occurred on April 27, 2023, during which she used minimal physical force against Plaintiff, she denies Plaintiff's claim that she attacked him as alleged in the complaint or that she used any force against him that was excessive or unnecessary. To the contrary, Defendant asserts that Plaintiff was refusing her direct orders to return to his cell on the day in question and he then advanced toward her shouting profanities, shoved her, lifted her off the ground, and violently rammed her against the cell door. Defendant contends that Plaintiff ignored her directives to stop but that she was eventually able to push him back into his cell and lock the cell door. Defendant asserts that she used the least amount of force possible to regain control over Plaintiff and the dangerous situation he caused, and that Plaintiff suffered no actual injuries, as documented by the medical staff who examined him afterward. Through the declarations of the other prison staff members, Defendant sets forth evidence contradicting Plaintiff's allegation that prison staff members had viewed the surveillance video and informed him that he had not done anything wrong and/or that Defendant had acted wrongly.

Defendant's first argument for summary judgment is that Plaintiff did not file a prison grievance about the events at issue and therefore did not comply with the statutory requirement that he administratively exhaust his claim prior to filing a lawsuit. Defendant next argues that the undisputed facts do not support a claim that she used excessive force against Plaintiff in violation of the Eighth Amendment but, instead, show that Defendant used only minimal force that was necessary to gain control over Plaintiff. Defendant finally argues that there is no evidence that Plaintiff suffered a physical injury that was more than *de minimis*.

In response to the motion, Plaintiff argues that that Defendant's request for summary judgment should be denied and that he should be permitted to go to trial on his claim. *See* Response (Docket Entry No. 38). Although Plaintiff fails to respond directly to any of the legal arguments made by Defendant in her motion, he contends that "the alleged facts submitted by the defendant are disputable and that Summary Judgment in favor of the plaintiff would be just and proper, due to the fraudulent attempts to mislead and deceive this Honorable Court by the perjured Declarations by Defendant." *Id*. at 2. In support of his response, Plaintiff cites to the Accident/Incident/Traumatic Injury Report that is attached as an exhibit to the Declaration of Vantell, *see* Docket Entry No. 37-1, but he does not otherwise support his response with any evidence. Plaintiff also does not make a specific response to Defendant's statement of undisputed material facts.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of

material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

5

Case 3:23-cv-01081   Document 41   Filed 10/11/24   Page 5 of 11 PageID #: 202

## IV. ANALYSIS

### A. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

### B. Constitutional Standards

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), and the unjustified infliction of bodily harm upon a prisoner by a prison guard gives rise to a claim under 42 U.S.C. ' 1983. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992). Within the unique context of the prison setting, however, the maintenance of prison security and discipline may require that inmates be subjected to uses of force that would be actionable outside the prison setting. *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). Accordingly, proving an

6

Eighth Amendment excessive force claim requires a prisoner plaintiff to show that he was subjected to an action that rises to the level of constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). The core judicial inquiry whenever a prison official is accused of using excessive physical force against a prison inmate in violation of the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 6-7 (quoting *Whitley*, 475 U.S. at 320-21).

Because the Eighth Amendment does not protect against ordinary torts or claims of negligence, a constitutional claim requires proof of objective severity and mental culpability at a level that is necessary to implicate constitutional protections. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 1993). The objective component "requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component "focuses on the state of mind" of the defendant, *Williams*, 631 F.3d at 383, and requires an inquiry into whether the evidence shows that the use of force at issue was directed toward a good-faith effort to maintain or restore discipline or was done maliciously and sadistically to cause harm. *Hudson*, *supra*. In making this inquiry, courts may consider "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley*, 475 U.S. at 321.

### C. Plaintiff's Claim and Summary Judgment

Although Plaintiff's allegations were sufficient to permit his claim against Defendant to survive initial review, the claim does not survive Defendant's request for summary judgment. Plaintiff has not sufficiently rebutted Defendant's arguments for summary judgment, nor has Plaintiff shown that there is evidence supporting his claim that would permit a reasonable jury to

7

find in his favor. After review of the current record, the Court finds that genuine issues of material fact do not exist that require resolution at trial. Summary judgment should therefore be granted to Defendant.

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in the complaint but must respond with affirmative evidence that supports his claim and that establishes the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has described, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Plaintiff has not satisfied this threshold obligation. Although he filed a response to the motion, Plaintiff's response does not actually address Defendant's evidence or legal arguments. Further, Plaintiff fails to buttress his response, and his underlying claim, with any affirmative evidence that tends to prove his allegations. Finally, Plaintiff has not responded to Defendant's statement of undisputed material facts. Under Rule 56.01(c) of the Local Rules of Court, his failure to respond, "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Consequently, the Court is permitted to rely upon the facts set forth by Defendant as the undisputed facts.

The first basis supporting summary judgment is that Plaintiff has not shown that he exhausted his available administrative remedies for the claim prior to bringing the claim in this lawsuit. Administrative exhaustion is required by the PLRA. Defendant provided evidence that (1) a three-level procedure exists at Trousdale that allows inmates to file and pursue grievances for issues relating to their conditions of confinement and (2) Plaintiff failed to file a grievance about the alleged attack by Defendant. *See* Declaration of Christian at ¶¶ 3-5; Statement of Undisputed Facts at ¶ 1.

In the face of this evidence, Plaintiff must rebut Defendant's exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *See Napier*, 636 F.3d at 225. In his response to Defendant's motion, Plaintiff does not even address Defendant's PLRA exhaustion defense, let alone set forth evidence showing either that he exhausted his claim through the grievance process or that the process was somehow unavailable to him. Plaintiff failed to rebut the defense by showing his compliance with the PLRA's exhaustion requirement, as required by applicable law.

9

With respect to the merits of Plaintiff's claim, he has likewise failed to set forth evidence in support of his claim. The undisputed evidence shows that Plaintiff was non-compliant with verbal orders from Defendant and then became aggressive and physically combative with her. *See* Statement of Undisputed Material Facts at ¶ 2. The evidence further shows that minimal force was applied by Defendant to gain control over Plaintiff, *id*. at ¶ 3, and that Plaintiff suffered no injuries. *Id*. at ¶ 4. There is no evidence before the Court that could reasonably be viewed as supporting a conclusion that Defendant acted with malice or that her use of force was unrestrained and excessive.

Given the undisputed facts that are before the Court, there is insufficient evidence from which a reasonable jury could find that Plaintiff's Eighth Amendment rights were violated by Defendant. A valid penological purpose existed for Defendant's use of force against Plaintiff, who was non-compliant and physically combative. Further, the force used was minimal, reasonable, and measured given the circumstances that existed. There is simply no evidence supporting a conclusion that the force used against Plaintiff was gratuitous or malicious in violation of the Eighth Amendment. *See Hudson*, 503 U.S 6-7.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion for summary judgment filed by Defendant Kourtney De Vil (Docket Entry No. 24) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made.

*See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

        Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge