IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN C. PERRY, SR., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01081 |
| ) | Judge Aleta A. Trauger |
| KOURTNEY DE VIL, ) | |
| ) | |
|    Defendant. ) | |

**MEMORANDUM**

Before the court is plaintiff John C. Perry, Sr.'s "Motion of Response to Report and Recommendation" (Doc. No. 44), which the court construes as objections to the Report and Recommendation ("R&R") (Doc. No. 41) issued by the Magistrate Judge, recommending that defendant Kourtney De Vil's Motion for Summary Judgment (Doc. No. 24) be granted and that this case be dismissed. For the reasons set forth herein, the construed objections will be overruled. The court will accept the R&R in its entirety, grant the defendant's Motion for Summary Judgment, and dismiss this case with prejudice.

**I.    STANDARD OF REVIEW**

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "A general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In addition, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. PROCEDURAL HISTORY

Plaintiff John C. Perry, Sr., an inmate in the custody of the Tennessee Department of Correction ("TDOC"), filed this lawsuit in October 2023, asserting that his federal constitutional rights were violated during his incarceration at Trousdale Turner Correctional Center ("TTCC") and seeking monetary relief under 42 U.S.C. § 1983. (Compl., Doc. No. 1.) On initial review, the court dismissed for failure to state a claim the claims against all defendants named in the Complaint

except defendant Kourtney De Vil, a correctional officer at TTCC, against whom the plaintiff asserted a claim based on the alleged use of excessive force in violation of the Eighth Amendment. (*See* Doc. Nos. 5, 6.) The plaintiff alleged that De Vil came to his housing unit during pill call and attacked him for no reason—jumping on his back, pushing him, and stomping on his hands. He claims that, after he managed to stand and walk toward his cell, De Vil slammed the cell door into his body multiple times, injuring his left hand, left shoulder, back, and neck. Perry alleges that he screamed multiple times before De Vil stopped her[1] actions and allowed him to go into his cell. He claims that he was taken to medical but sat in the waiting room for several hours without receiving treatment. (*See generally* Doc. Nos. 1, 1-1.) He also alleges that several supervisory officers reviewed the security video footage and found that he had done nothing wrong and that De Vil "was in the wrong." (Doc. No. 1-1 at 3.)

The court referred the matter to the Magistrate Judge for all pretrial proceedings. After De Vil filed an Answer to the Complaint, the Magistrate Judge entered a scheduling order that provided for a period of discovery and the filing of dispositive motions. (Doc. No. 17.) Perry filed an unsupported Motion for Summary Judgment (Doc. No. 19), which the Magistrate Judge denied (Doc. No. 35). De Vil thereafter filed her Motion for Summary Judgment, supporting Memorandum of Law, Statement of Undisputed Material Facts, and several witness Declarations and other evidentiary material in support of the motion. (Doc. Nos. 24–32.) The plaintiff filed a Response to the motion (Doc. No. 38), but he did not respond to the Statement of Undisputed Material Facts or submit any evidentiary material in support of his claims.

---

[1] Although the Complaint refers to De Vil with masculine pronouns, De Vil's filings in this case, including a Declaration, refer to the officer with female pronouns. The court presumes that De Vil is a woman.

The Magistrate Judge issued the R&R, recommending that De Vil's Motion for Summary Judgment be granted on the grounds that: (1) the plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), and had not even addressed the defendant's exhaustion defense in his Response; and (2) the plaintiff failed to set forth evidence to support his claim or to rebut the defendant's evidence, which establishes that "Plaintiff was non-compliant with verbal orders from Defendant and then became aggressive and physically combative with her," "that minimal force was applied by Defendant to gain control over Plaintiff," and that "Plaintiff suffered no injuries." (Doc. No. 41 at 10 (citing Doc. No. 26, Def.'s Statement of Undisp. Material Facts ¶¶ 2–4).)

Despite the R&R's clear directive that any objections must be filed within fourteen days, the plaintiff did not file timely objections. However, in his construed objections, filed approximately four weeks after service of the R&R, the plaintiff explained that he had been on lock down and had been delayed in filing his objections through no fault of his own. The court permitted the delayed filing and vacated the previous Order accepting the R&R. (*See* Doc. No. 45.)

In his objections, the plaintiff continues to assert that material factual disputes preclude summary judgment. He also asserts, for the first time, that he did exhaust his administrative remedies. He attached to his objections an Inmate Grievance form, purportedly signed and dated by the plaintiff on April 29, 2023, two days after the incident giving rise to his lawsuit. (Doc. No. 44, 44-1.)

The defendant filed a Response to the Objections (Doc. No. 46), arguing that the defendant's vague and non-specific objections to the R&R fail to establish that the R&R "somehow reached incorrect factual or legal conclusions as it relates to De Vil's alleged use of

excessive force." (Doc. No. 46 at 7.) Regarding the plaintiff's reliance on a previously unfiled grievance form, the defendant points out, first, that the plaintiff should have presented this evidence in his response to the Motion for Summary Judgment and waived reliance on it by failing to do so. (*Id.* at 4.) Second, she points out that the grievance form itself does not establish that it was actually submitted to the prison or that Perry completed the exhaustion process with respect to this particular complaint, as it was not signed by any prison official documenting its receipt. (*Id.*)

## III. RESOLUTION

The court finds no error in the R&R. The plaintiff utterly failed to respond to the evidentiary material submitted by the defendant and has not presented even a scintilla of actual evidence that De Vil used excessive force against him during the incident in question.

And, even if he had, it is clear that the plaintiff failed to exhaust his administrative remedies in relation to the claim he brings against De Vil. As the R&R correctly states, a prisoner asserting a claim relating to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit. *Ross v. Blake*, 578 U.S. 632, 635 (2016). If a prison grievance procedure is available to inmates, the prisoner plaintiff must "complete the administrative review process in accordance with the applicable procedural rules, . . . [as] defined not by the PLRA, but by the prison grievance process itself." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)) (internal quotation marks omitted). A prisoner plaintiff's failure to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Id.* (citing *Jones*, 549 U.S. at 216). But once the defense of failure to exhaust is raised and supported, the plaintiff must "present 'significant probative evidence' to defeat the motion for summary judgment on this ground." *Napier v. Laurel Cnty.*, 636 F.3d 218, 225 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

De Vil satisfied her burden of showing that (1) TTC has a three-level procedure inmates must follow to completely exhaust administrative remedies for issues concerning the conditions of their confinement and (2) the plaintiff had not filed a grievance about the alleged attack by De Vil. (*See* Doc. No. 27, Christian Decl. ¶¶ 3–5; Doc. No. 27-1, Policy 501.01, Inmate Grievance Procedures.) The plaintiff did not respond to this evidence or argument until after the Magistrate Judge recommended that summary judgment be granted based in part on the plaintiff's failure to exhaust. As a result, he waived the argument. Moreover, even if the court were inclined to consider the plaintiff's evidence, his submission of an incomplete grievance form that does not show it was ever submitted to prison authorities does not constitute "significant probative evidence" of his completion of the prison's three-step grievance procedure. Taken at face value, it is not sufficient to create a material factual dispute as to whether he exhausted administrative remedies.

In short, the plaintiff's objections are without merit.

## IV.    CONCLUSION

For the reasons set forth herein, the construed objections (Doc. No 44) will be overruled. The R&R (Doc. No. 41) will be accepted in its entirety, and the defendant's Motion for Summary Judgment (Doc. No. 24) will be granted.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge